## WM. BAKER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—442.]

**Instruction As to Self Defense.**

An instruction in a trial of one charged with malicious cutting and stabbing is misleading which states in substance that the defendant should be found guilty where the cutting was not necessary and when he had no reasonable grounds to believe the same to be necessary. Such an instruction falls far short of a proper one as to self defense.

**Instruction as to Reduction of Degree of Crime.**

Section 1, art. 17, of the General Statutes provides that to reduce the offense of malicious cutting and stabbing to a misdemeanor it is only required that the offense should have been committed "in a sudden affray or in sudden heat and passion and without previous malice," therefore an instruction attempting to add to such requirement by charging that to reduce such crime it must appear that the cutting was done "in suden heat and passion caused by considerable provocation such as a blow or actual trespass," is misleading and erroneous.

APPEAL FROM GARRARD CIRCUIT COURT.

December 13, 1884.

OPINION BY JUDGE LEWIS:

Appellant was indicted, tried and convicted for the offense of malicious cutting and stabbing denounced by section 2, article 6, chapter 29, General Statutes.

In the first instruction the words "when the cutting was not necessary and when he had no reasonable grounds to believe the same to be necessary" are not used in connection with or in direct reference to the subject of which they form the predicate, nor are they subsequently made to refer with sufficient certainty to the right of

self-defense as defined and provided for by law and consequently the jury may have been misled by the omission.

In the second instruction the jury are told they may find the accused guilty under the indictment of the misdemeanor provided against in section 1, article 14, instead of the felony, and fix his punishment accordingly, provided the cutting was done within twelve months before the finding of the indictment, and in sudden heat and passion caused by considerable provocation such as a blow or actual trespass on the part of Barnett, the person cut, and not in defendant's necessary self-defense. But the language of the statute is: "If any person shall in a sudden affray or in sudden heat and passion without previous malice and not in self-defense cut, thrust or stab any other person with a dirk, sword or other deadly weapon without killing such person, he shall be fined," etc.

The words "in a sudden affray" are treated by the legislature as importing something different from and not synonymous with the words "in sudden heat and passion" and the accused was entitled to an instruction containing them, and they should not have been omitted.

To reduce the offense charged in the indictment to a misdemeanor it is only required by section 1, article 17, that it should be committed in a sudden affray or in sudden heat and passion and without previous malice. To depart from the language of the statute and insert in the instruction the additional words "caused by considerable provocation such as a blow or actual trespass" was calculated to mislead the jury. It is not required by the terms of the section and therefore conclusive that it was not the intention of the legislature that in order to reduce the offense from a felony to a misdemeanor that there should be considerable provocation such as a blow or actual trespass on the part of the person injured, it being deemed sufficient if done either in a sudden affray or sudden heat and passion and without previous malice.

For the errors indicated the judgment is *reversed* and cause remanded for a new trial and further proceedings consistent with this opinion.

*George Denny, Jr., for appellant.*

*P. W. Hardin, for appellee.*